**LINK:**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-07654 BRO (MANx)** | Date | October 29, 2013 |
|---|---|---|---|
| Title | NBG Properties LLC v. Sidney Huddleston et al. | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:** (IN CHAMBERS)

**OSC RE: SUBJECT MATTER JURISDICTION**

On March 4, 2013, NBG Properties, LLC ("NBG Properties") filed this action for Unlawful Detainer in Los Angeles Superior Court, Southwest District, in Inglewood. (Compl. at 1.) On October 16, 2013, Sidney Huddleston, in *pro se*, ("Huddleston") removed the action to this Court. (Dkt. No. 1.) Huddleston argues this Court has jurisdiction of this action pursuant to 28 U.S.C. 1334(b).[1] Huddleston argues that removal is proper pursuant to 28 U.S.C. 1452(a).[2] (Removal ¶¶ 9-10.) Additionally, Huddleston argues that removal is proper because he has a lawsuit against NBG Properties pending in federal court. (Removal ¶ 3.) As discussed below, the Court finds that removal is improper because this Court lacks subject matter jurisdiction over the instant case.

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339 (9th Cir. 1996). Whether a federal district court may properly exercise jurisdiction over an action removed from state court

[1] Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in related to cases under title 11."

[2] Section 1452(a) sets forth in relevant part that "[a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. 1334 (2013 West).

is entirely governed by statutory authorization by Congress. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979.)

### A. Federal Question

Under 28 U.S.C. § 1441, a civil action may be removed to the district court only if that court has original jurisdiction over the issues alleged in the state court complaint. Because federal courts are courts of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Defendant argues that removal is proper because Huddleston has brought an action to Quiet Title against NBG Properties in a case entitled, *Sidney Huddleston et al v. Argent Mortgage Company LLC et al.*, No. 13-07641. This matter was also filed on October 16, 2013 and is currently before Judge Christina Snyder ("Judge Snyder"). Huddleston wishes to consolidate these matters so they may be heard together. Judge Snyder has, however, issued an Order to Show Cause why the case pending before her court should not be dismissed for lack of subject matter jurisdiction. *Sidney Huddleston et al v. Argent Mortgage Company LLC et al.*, No. 13-07641 (C.D. Cal. October 23, 2013) (issuing an order to show cause to Huddleston regarding subject matter jurisdiction). Judge Snyder analyzed the issues raised in Huddleston's complaint and found it does not have subject matter jurisdiction on the basis of federal question or diversity of citizenship. *See id*. at *2.

The Court has similarly analyzed this case and found that there is no basis for subject matter jurisdiction on the basis of federal question or diversity of citizenship. NBG Properties alleges one cause of action for unlawful detainer, as defined by California Code of Civil Procedure section 1161. There is no federal question involved in NBG Properties' allegations.

### B. Diversity

Original jurisdiction may also be established pursuant to 28 U.S.C. § 1332. Under § 1332, a federal district court has "original jurisdiction of all civil actions where the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and" the dispute is between "citizens of different states."[3] The Supreme Court has interpreted the statute to require "complete diversity of citizenship," meaning it requires "the citizenship of each plaintiff [to be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

In any case, the face of the complaint is clear: the amount demanded does not exceed $10,000. (Compl. at 1.) Accordingly, it would appear the amount of controversy does not exceed the requisite $75,000, and jurisdiction based on 28 U.S.C. § 1332 is not proper in this case. Defendant therefore has not met their burden to establish federal jurisdiction based on 28 U.S.C. § 1332.

### C. Conclusion

Accordingly, having reviewed the underlying complaint and Huddleston's removal papers, and having found no proper basis for subject matter jurisdiction, Huddleston is **ORDERED TO SHOW CAUSE no later than 5:00 p.m. on Monday, November 18, 2013**, as to why the Court should not remand this action for lack of subject matter jurisdiction. **Failure to respond by this deadline will be deemed consent to remand.**

In order to assist Huddleston, who proceeds in *pro se*, the Court provides here the information for the Federal *Pro Se* Clinic. The Federal *Pro Se* Clinic in Los Angeles is located in:

The United States Courthouse
312 N. Spring Street, Room 525, 5th Floor
Los Angeles, CA 90012

and can be reached at (213) 385-2977, Ext. 270. The Court urges Defendant to check the website or call for available hours.

**IT IS SO ORDERED.**

[3] Diversity of citizenship may also be established on other grounds that are not relevant here. *See* 28 U.S.C. § 1332.